111 So.2d 587

**Jeanette CLEMENTS**

v.

**Billy Mac BARR et al.**

4 Div. 903.

Supreme Court of Alabama.

June 5, 1958.

Rehearing Denied May 14, 1959.

Alice L. Anderson, Enterprise, for appellant.

Jas. A. Mulkey and Jas. W. Kelly, Geneva, for appellees.

LIVINGSTON, Chief Justice.

The only question argued on this appeal is one of fact. It relates to the title to a house and lot in Chancellor, Geneva County, Alabama.

So far as this case is concerned, the first person owning the property in question was Mrs. Celia Ann Elizabeth Foote, who deeded it to complainants, George and Jeanette Clements, the deed being dated December 7, 1945. Mrs. Foote and her husband are dead, and the appellees are her devisees who claim under a will of Mrs. Foote, which was duly probated. The Clements filed this bill in equity to quiet title, alleging peaceable possession and ownership under the statute and other requirements of the statute. Section 1110, Title 7, Code of 1940.

In their answer, appellees set up their claim under Mrs. Foote's will, which was duly probated. Section 1111, Title 7, Code of 1940. They set up the fact that complainants reconveyed the property to Mrs. Foote by deed, dated August 29, 1946, and made their answer a cross bill in which they sought a decree adjudging that complainants have no interest in the property involved; that they own it; that they be

awarded a reasonable amount for the rental value of the property by complainants; that they be put in possession by due process of this court; and that the property be sold for division between the respondents, and that an attorney's fee be allowed.

The cross bill was put at issue and the cause was heard on evidence taken ore tenus, resulting in a final decree as we shall show.

The parties agreed in open court on the trial that the only issues to be tried were (1) whether complainants on August 29, 1946 executed the purported deed to Mrs. Foote; (2) what would be a reasonable rental per month while complainants had possession of the property; and (3) whether the property can be equitably divided without a sale.

It was later agreed by the parties, in open court, that $10 per month for a period of two years would be a reasonable rental for the property.

The court rendered a decree finding and decreeing that complainants executed to Mrs. Foote the purported deed dated August 29, 1946, and recorded September 2, 1946, and denied relief to the complainants holding they have no right, title or interest in the property, and that the sum of $10 a month, or $240 for twenty-four months, is a reasonable amount to be paid by complainants to respondents for the use of the property. The court further found and decreed that the cross complainants (respondents in the original bill) were entitled to the relief prayed for, to wit, quieting their title and finding the property cannot be equitably divided between them without a sale. A sale was ordered for division between them.

Applying the usual rules for review of such a decree on the evidence viva voce of witnesses before the trial judge, this decree should be affirmed.

Affirmed.

LAWSON, GOODWYN and MERRILL, JJ., concur.